On Application for Rehearing.
Todd, J.
The rehearing is asked for upon the ground that the Court erred in construing Article 333, as applicable to the case, and basing the reasons of our judgment on that Article.
Upon a re-examination of the case, we are free to admit that the Article referred to is not strictly applicable to the facts of this case, but, at the same time, we cannot for this reason change our decree.
The order of seizure and sale, issued upon a special mortgage executed by a father and natural tutor in favor of his minor children. The act of mortgage declares that it was given “ to secure the interest of said minors in and to the succession of their said deceased mother, and to secure the faithful performance and discharge of his duties as their natural tutor.” The record does inform us how many years elapsed from the appointment of the tutor till his death, but it was not alleged in the petition for the order of seizure and sale, that any account of tutorship had been rendered previous to the death of the tutor, fixing the amount of his liability to his children, and there is nothing in the record by which the amount of his indebtedness to his wards can be ■ascertained. In the absence of such evidence, determining the exact sum owing by the deceased tutor, which the mortgage was given ,to secure, executory process could not legally issue to enforce the mort *419 gage. The mortgage does not import a confession of judgment for any specific amount. Wliat the tutor may have owed his wards when the mortgage was given, is no test of his indebtedness to them when his tutorship terminated.
The proceeding under this state of facts was unauthorized. C. C. 325; 31 A. 217.
Eor these reasons, our former decree should remain undisturbed.
Rehearing refused.